**Opinion filed September 30, 2010**



## In The

# Eleventh Court of Appeals

_____

## No. 11-09-00300-CV

_____

## EARL HENRY SHELTON JR., Appellant

## V.

## IRVIN MITCHELL AND IRENE MITCHELL, Appellees

**On Appeal from the 318th District Court**

**Midland County, Texas**

**Trial Court Cause No. FM-42,453**

### M E M O R A N D U M   O P I N I O N

While he was confined in the Roach Unit of the Texas Department of Criminal Justice – Institutional Division, Earl Henry Shelton Jr. filed a pro se suit seeking to establish that he was the father of S.A.J. (boy) and S.A.J. (female) and to be appointed sole managing conservator of both children. In the same proceeding, Shelton sued the Thomas Funeral Home for the alleged embalming of a body without the family's consent. After a hearing in which Shelton appeared via teleconference, the trial court denied Shelton's claims and entered a take-nothing judgment. We affirm.

The trial court entered findings of fact and conclusions of law. The trial court found that both children were over the age of eighteen when Shelton filed his suit and that neither child had a presumed, acknowledged, or adjudicated father. The trial court concluded that Shelton had no standing to adjudicate parentage of the children.

On appeal, Shelton argues that the trial court failed to conduct a "required" pretrial conference pursuant to TEX. FAM. CODE §§ 13.04, 13.05 (repealed 1995), that the evidence is factually insufficient, that the "clear and convincing" evidence establishes that the trial court abused its discretion when it did not conduct a hearing on his motion for new trial, that his suit to establish parentage was not "time barred," and that the trial court abused its discretion and violated his due process rights concerning his claims against the Thomas Funeral Home and his request for the body of Lisa Joseph to be exhumed.

TEX. FAM. CODE ANN. § 160.602 (Vernon 2008) governs standing in proceedings to adjudicate parentage. Subsection (a)(3) of that section grants standing in these type suits to "a man whose paternity of the child is to be adjudicated." However, subsection (b) of that section provides that, "[a]fter the date a child having no presumed, acknowledged, or adjudicated father becomes an adult, a proceeding to adjudicate the parentage of the adult child may only be maintained by the adult child." While subsection (a)(3) appears to grant Shelton standing, subsection (b) limits that standing. *In re Sullivan*, 157 S.W.3d 911 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding).

It is undisputed that both children were adults at the time Shelton filed this lawsuit. There is no evidence in the record regarding the presumed, acknowledged, or adjudicated father of either child. The burden of proof was upon Shelton to show that he had standing to bring this lawsuit; he did not meet that burden. *In re H.G.*, 267 S.W.3d 120 (Tex. App.—San Antonio 2008, pet. denied) (in a suit affecting parent-child relationship, standing is governed by the Texas Family Code, and one seeking relief must allege and establish standards as provided by the statutes). Therefore, Shelton's issues on appeal related to the parentage adjudication are overruled.

We have liberally examined Shelton's numerous filings in the trial court and in this court and cannot determine that he has properly pleaded any causes of action against Thomas Funeral Home. Even if we assume that Thomas Funeral Home admitted all of the facts in those filings, there is no cause of action alleged upon which Shelton could recover. In its order, the trial court

found and ordered that all relief requested in Shelton's petition be denied.  We cannot say that it erred when it so ordered.  All arguments relative to the funeral home claim are overruled.

The judgment of the trial court is affirmed.


PER CURIAM


September 30, 2010

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

3